UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

John and Joanne Merrick,
    Plaintiffs

    v.                                    Case No. 12-cv-263-SM
                                           Opinion No. 2013 DNH 027
CitiMortgage, Inc.,
    Defendant


**O R D E R**

    Pro se plaintiffs John and Joanne Merrick filed this action in state court, seeking to enjoin the foreclosure of their home. In essence, they claim CitiMortgage, Inc. ("Citi") has failed to demonstrate - at least to the Merricks' own satisfaction - that it is the holder of the mortgage deed to their home. Consequently, say the Merricks, Citi lacks the legal authority to foreclose on that mortgage.

    Citi removed the proceeding to this forum, see 28 U.S.C. § 1441, and now moves to dismiss the Merricks' complaint, saying it is barred by the doctrine of res judicata. The Merricks object.


**Standard of Review**

    When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must "accept as true all well-pleaded facts

set out in the complaint and indulge all reasonable inferences in favor of the pleader." SEC v. Tambone, 597 F.3d 436, 441 (1st Cir. 2010). A defendant is entitled to dismissal only if it demonstrates that "it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." Langadinos v. American Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). But, as the court of appeals has noted:

> In passing upon a motion to dismiss for failure to state a claim, the reviewing court's focus on the well-pleaded facts is more expansive than might first be thought. Within that rubric, the court may consider matters fairly incorporated within the complaint and matters susceptible of judicial notice. Thus, where the motion to dismiss is premised on a defense of res judicata — as is true in the case at hand — the court may take into account the record in the original action.

Andrew Robinson Intern., Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008). See also In re Colonial Mort. Bankers Corp., 324 F.3d 12, 19 (1st Cir. 2003) ("[M]atters of public record are fair game in adjudicating Rule 12(b)(6) motions, and a court's reference to such matters does not convert a motion to dismiss into a motion for summary judgment.").

Here, in support of its assertion that the Merricks' claims are barred by res judicata, Citi has attached to its motion several pleadings filed in Mr. Merrick's chapter 13 bankruptcy,

an order issued by the bankruptcy court, and a copy of the court's electronic docket in Mr. Merrick's bankruptcy.

## Background

On May 27, 2008, John and Joanne Merrick borrowed money from, and executed a promissory note in favor of, Citicorp Trust Bank. That loan was secured by a mortgage deed to the Merricks' home in Manchester, New Hampshire. It was duly recorded in the Hillsborough County Registry of Deeds. Subsequently, Citicorp Trust Bank assigned both the mortgage and the underlying promissory note to CitiMortgage. That assignment was also recorded in the registry of deeds. See Exhibit 6 to Plaintiffs' Objection (document no. 6-7), "Assignment of Mortgage." Then, in January of 2012, the note was assigned to Citibank, NA. Exhibit 7 to Plaintiff's Objection (document no. 6-8). It appears, however, the Citi retained the mortgage deed and acted as the "servicer" of the note - that is, the entity to which the Merricks made periodic payments.

At some undisclosed time, the Merricks defaulted on their loan. Then, in May of 2011, John Merrick filed a chapter 13 bankruptcy petition. In conjunction with his petition, Mr. Merrick brought an adversary proceeding against Citi, asserting that it lacked the authority to foreclose the mortgage on his

home.  In his complaint against Citi, Mr. Merrick explained that "[t]he point at issue is whether or not the Defendant has valid proof of claim and therefore standing to enforce the instrument." Exhibit 2 to Defendant's Memorandum, "Declaratory Judgment for Verification of Debt" (document no. 4-3) at 2.  And, as part of his prayer for relief, Mr. Merrick asked the bankruptcy court to release all claims that Citi might have against him, enjoin it from foreclosing the mortgage deed to his home, and declare that the promissory note he and his wife had executed had been "Settled in Full."  Id. at 9.

In the months following initiation of his adversary complaint, Mr. Merrick failed to comply with several orders of the bankruptcy court and, on January 4, 2012, the court dismissed his bankruptcy petition "for cause, specifically, unreasonable delay by the Debtor that is prejudicial to creditors and failure to comply with Court orders."  Exhibit 3 to Defendant's memorandum (document no. 4-4) at 2.  Then, on May 15, 2012, the bankruptcy court dismissed Mr. Merrick's adversary proceeding as well.  Exhibit 4 (document no. 4-5) at 4.

Citi asserts that the claims advanced by the Merricks in this proceeding are barred by the doctrine of res judicata.

Accordingly, it says it is entitled to dismissal of the Merricks' complaint.

## Discussion

Because Citi seeks to give preclusive effect to the bankruptcy court's dismissal of Mr. Merrick's adversary proceeding, federal law of res judicata applies. See, e.g., In re Iannochino, 242 F.3d 36, 41 (1st Cir. 2001) ("Federal res judicata principles govern the res judicata effect of a judgment entered in a prior federal suit, including judgments of the bankruptcy court."). As the Supreme Court has observed, the federal doctrine of res judicata provides that a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980).

The essential elements of res judicata are: "(1) a final judgment on the merits in an earlier action; (2) an identity of parties or privies in the two suits; and (3) an identity of the cause of action in both the earlier and later suits." FDIC v. Shearson-American Express, Inc., 996 F.2d 493, 497 (1st Cir. 1993). Here, each of those essential elements is present.

A.   <u>Final Judgment on the Merits</u>.

As noted above, the bankruptcy court dismissed Mr. Merrick's bankruptcy petition for cause and subsequently dismissed his adversary complaint as well. Neither order contains any language suggesting that the dismissal was without prejudice to Mr. Merrick's refiling his claim against Citi. The order dismissing his adversary complaint was, then, an adjudication on the merits of that claim. <u>See</u> Fed. R. Bank. P. 7041(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action . . . Unless the dismissal order states otherwise, a dismissal under this subdivision . . . . operates as an adjudication on the merits."). <u>See also</u> Fed. R. Civ. P. 41((b).

B.   <u>Identity of Parties or Privies</u>.

Citi is the defendant in both the present action and the previously-dismissed adversary proceeding in the bankruptcy court. The only difference in parties in the two actions is that Mrs. Merrick is also a plaintiff in this proceeding. As the court of appeals has noted, when the plaintiffs "are nominally different[,] . . . the question reduces to whether the plaintiffs, though not identical, are sufficiently in privity to satisfy this element." <u>In re Colonial Mortgage Bankers Corp.</u>, 324 F.3d 12, 17 (1st Cir. 2003). They are.

Although she was not a named plaintiff in her husband's adversary complaint against Citi, Mrs. Merrick's interests were adequately represented in the bankruptcy proceeding insofar as: (1) her interests and those of her husband were virtually identical with regard to the claim against Citi and Mr. Merrick's efforts to prevent the foreclosure upon the couple's home; and (2) she would have benefitted to the same extent as her husband, if he had prevailed on his claims against Citi in the bankruptcy court. In fact, Mr. Merrick tacitly acknowledged his wife's interest in the adversary proceeding when he signed his adversary complaint against Citi as the "authorized representative for John & Joanne Merrick." Adversary Complaint (document no. 4-3) at 10.

Accordingly, the second element of res judicata - identity of parties or privies - is satisfied. See, e.g., Eubanks v. FDIC, 977 F.2d 166, 170 (5th Cir. 1992) (holding that wife's interests were sufficiently well-represented in husband's bankruptcy proceeding to give it res judicata effect against her); Cuauhtli v. Chase Home Fin. LLC, 308 Fed. Appx. 772, 773 (5th Cir. 2009) (holding that husband and wife were in privity, such that wife's prior suit challenging legality of foreclosure proceedings precluded subsequent similar claims by her husband); In re Rhoads, 2012 WL 603652 (9th Cir. BAP 2012) (finding privity between a husband and wife with regard to claims arising out of

the foreclosure of jointly owned property); <u>Hintz v. JP Morgan Chase Bank, N.A.</u>, 2011 WL 579339, *7 (D. Minn.,2011) ("The First Lawsuit involved the same parties, or their privities, as the current lawsuit.  Here, Mr. Hintz, one of the two Plaintiffs in this case, was the plaintiff in the state lawsuit.  As a joint owner of the Property, Ms. Hintz, the second Plaintiff in this case, was in privity with Mr. Hintz.  Two parties who have similar interests in the same realty are in privity.") (citation and internal punctuation omitted).

C.    <u>Identity of the Cause of Action</u>.

Finally, there can be little doubt that the claim the Merricks advance against Citi in this proceeding is identical to the one Mr. Merrick pursued against Citi in his adversary proceeding.  Both actions involve allegations of Citi's lack of "standing" to enforce the judicial sale provisions of the mortgage deed; both actions rely on allegations that Citi lacks a "proof of claim" that would allegedly demonstrate its legal authority to foreclose the mortgage; and both actions allege that Citi is not the current holder in due course of the mortgage deed, with power/authority to enforce it.  <u>Compare</u> Adversary Complaint (document no. 4-3) <u>with</u> Motion to Order a Temporary Restraining Order (document no. 1-1).

**Conclusion**

In light of the foregoing, and for the reasons set forth in defendant's memorandum (document no. [4-1]), the claim advanced by Mr. and Mrs. Merrick against Citi in this proceeding is barred by the doctrine of res judicata. CitiMortgage's motion to dismiss (document no. [4]) is, therefore, granted. The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 5, 2013

cc: John Merrick, pro se
    Joanne Merrick, pro se
    John A. Houlihan, Esq.
    Alexander G. Henlin, Esq.

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

John and Joanne Merrick,
    Plaintiffs

    v.                                    Case No. 12-cv-263-SM
                                          Opinion No. 2013 DNH 027
CitiMortgage, Inc.,
    Defendant

**O R D E R**

Pro se plaintiffs John and Joanne Merrick filed this action in state court, seeking to enjoin the foreclosure of their home. In essence, they claim CitiMortgage, Inc. ("Citi") has failed to demonstrate - at least to the Merricks' own satisfaction - that it is the holder of the mortgage deed to their home. Consequently, say the Merricks, Citi lacks the legal authority to foreclose on that mortgage.

Citi removed the proceeding to this forum, see 28 U.S.C. § 1441, and now moves to dismiss the Merricks' complaint, saying it is barred by the doctrine of res judicata. The Merricks object.

**Standard of Review**

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must "accept as true all well-pleaded facts

set out in the complaint and indulge all reasonable inferences in favor of the pleader." SEC v. Tambone, 597 F.3d 436, 441 (1st Cir. 2010). A defendant is entitled to dismissal only if it demonstrates that "it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." Langadinos v. American Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). But, as the court of appeals has noted:

> In passing upon a motion to dismiss for failure to state a claim, the reviewing court's focus on the well-pleaded facts is more expansive than might first be thought. Within that rubric, the court may consider matters fairly incorporated within the complaint and matters susceptible of judicial notice. Thus, where the motion to dismiss is premised on a defense of res judicata — as is true in the case at hand — the court may take into account the record in the original action.

Andrew Robinson Intern., Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008). See also In re Colonial Mort. Bankers Corp., 324 F.3d 12, 19 (1st Cir. 2003) ("[M]atters of public record are fair game in adjudicating Rule 12(b)(6) motions, and a court's reference to such matters does not convert a motion to dismiss into a motion for summary judgment.").

Here, in support of its assertion that the Merricks' claims are barred by res judicata, Citi has attached to its motion several pleadings filed in Mr. Merrick's chapter 13 bankruptcy,

2

an order issued by the bankruptcy court, and a copy of the court's electronic docket in Mr. Merrick's bankruptcy.

**Background**

On May 27, 2008, John and Joanne Merrick borrowed money from, and executed a promissory note in favor of, Citicorp Trust Bank.  That loan was secured by a mortgage deed to the Merricks' home in Manchester, New Hampshire.  It was duly recorded in the Hillsborough County Registry of Deeds.  Subsequently, Citicorp Trust Bank assigned both the mortgage and the underlying promissory note to CitiMortgage.  That assignment was also recorded in the registry of deeds.  See Exhibit 6 to Plaintiffs' Objection (document no. 6-7), "Assignment of Mortgage."  Then, in January of 2012, the note was assigned to Citibank, NA.  Exhibit 7 to Plaintiff's Objection (document no. 6-8).  It appears, however, the Citi retained the mortgage deed and acted as the "servicer" of the note - that is, the entity to which the Merricks made periodic payments.

At some undisclosed time, the Merricks defaulted on their loan.  Then, in May of 2011, John Merrick filed a chapter 13 bankruptcy petition.  In conjunction with his petition, Mr. Merrick brought an adversary proceeding against Citi, asserting that it lacked the authority to foreclose the mortgage on his

3

home.  In his complaint against Citi, Mr. Merrick explained that "[t]he point at issue is whether or not the Defendant has valid proof of claim and therefore standing to enforce the instrument." Exhibit 2 to Defendant's Memorandum, "Declaratory Judgment for Verification of Debt" (document no. 4-3) at 2.  And, as part of his prayer for relief, Mr. Merrick asked the bankruptcy court to release all claims that Citi might have against him, enjoin it from foreclosing the mortgage deed to his home, and declare that the promissory note he and his wife had executed had been "Settled in Full."  Id. at 9.

In the months following initiation of his adversary complaint, Mr. Merrick failed to comply with several orders of the bankruptcy court and, on January 4, 2012, the court dismissed his bankruptcy petition "for cause, specifically, unreasonable delay by the Debtor that is prejudicial to creditors and failure to comply with Court orders."  Exhibit 3 to Defendant's memorandum (document no. 4-4) at 2.  Then, on May 15, 2012, the bankruptcy court dismissed Mr. Merrick's adversary proceeding as well.  Exhibit 4 (document no. 4-5) at 4.

Citi asserts that the claims advanced by the Merricks in this proceeding are barred by the doctrine of res judicata.

4

Accordingly, it says it is entitled to dismissal of the Merricks' complaint.

## Discussion

Because Citi seeks to give preclusive effect to the bankruptcy court's dismissal of Mr. Merrick's adversary proceeding, federal law of res judicata applies.  See, e.g., In re Iannochino, 242 F.3d 36, 41 (1st Cir. 2001) ("Federal res judicata principles govern the res judicata effect of a judgment entered in a prior federal suit, including judgments of the bankruptcy court.").  As the Supreme Court has observed, the federal doctrine of res judicata provides that a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  Allen v. McCurry, 449 U.S. 90, 94 (1980).

The essential elements of res judicata are: "(1) a final judgment on the merits in an earlier action; (2) an identity of parties or privies in the two suits; and (3) an identity of the cause of action in both the earlier and later suits."  FDIC v. Shearson-American Express, Inc., 996 F.2d 493, 497 (1st Cir. 1993).  Here, each of those essential elements is present.

A.   <u>Final Judgment on the Merits</u>.

As noted above, the bankruptcy court dismissed Mr. Merrick's bankruptcy petition for cause and subsequently dismissed his adversary complaint as well.  Neither order contains any language suggesting that the dismissal was without prejudice to Mr. Merrick's refiling his claim against Citi.  The order dismissing his adversary complaint was, then, an adjudication on the merits of that claim.  <u>See</u> Fed. R. Bank. P. 7041(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action . . . Unless the dismissal order states otherwise, a dismissal under this subdivision . . . . operates as an adjudication on the merits."). <u>See also</u> Fed. R. Civ. P. 41((b).

B.   <u>Identity of Parties or Privies</u>.

Citi is the defendant in both the present action and the previously-dismissed adversary proceeding in the bankruptcy court.  The only difference in parties in the two actions is that Mrs. Merrick is also a plaintiff in this proceeding.  As the court of appeals has noted, when the plaintiffs "are nominally different[,] . . . the question reduces to whether the plaintiffs, though not identical, are sufficiently in privity to satisfy this element."  <u>In re Colonial Mortgage Bankers Corp.</u>, 324 F.3d 12, 17 (1st Cir. 2003).  They are.

6

Although she was not a named plaintiff in her husband's adversary complaint against Citi, Mrs. Merrick's interests were adequately represented in the bankruptcy proceeding insofar as: (1) her interests and those of her husband were virtually identical with regard to the claim against Citi and Mr. Merrick's efforts to prevent the foreclosure upon the couple's home; and (2) she would have benefitted to the same extent as her husband, if he had prevailed on his claims against Citi in the bankruptcy court.  In fact, Mr. Merrick tacitly acknowledged his wife's interest in the adversary proceeding when he signed his adversary complaint against Citi as the "authorized representative for John & Joanne Merrick."  Adversary Complaint (document no. 4-3) at 10.

Accordingly, the second element of res judicata - identity of parties or privies - is satisfied.  See, e.g., Eubanks v. FDIC, 977 F.2d 166, 170 (5th Cir. 1992) (holding that wife's interests were sufficiently well-represented in husband's bankruptcy proceeding to give it res judicata effect against her); Cuauhtli v. Chase Home Fin. LLC, 308 Fed. Appx. 772, 773 (5th Cir. 2009) (holding that husband and wife were in privity, such that wife's prior suit challenging legality of foreclosure proceedings precluded subsequent similar claims by her husband); In re Rhoads, 2012 WL 603652 (9th Cir. BAP 2012) (finding privity between a husband and wife with regard to claims arising out of

the foreclosure of jointly owned property); <u>Hintz v. JP Morgan Chase Bank, N.A.</u>, 2011 WL 579339, *7 (D. Minn.,2011) ("The First Lawsuit involved the same parties, or their privities, as the current lawsuit. Here, Mr. Hintz, one of the two Plaintiffs in this case, was the plaintiff in the state lawsuit. As a joint owner of the Property, Ms. Hintz, the second Plaintiff in this case, was in privity with Mr. Hintz. Two parties who have similar interests in the same realty are in privity.") (citation and internal punctuation omitted).

C.  <u>Identity of the Cause of Action</u>.

Finally, there can be little doubt that the claim the Merricks advance against Citi in this proceeding is identical to the one Mr. Merrick pursued against Citi in his adversary proceeding. Both actions involve allegations of Citi's lack of "standing" to enforce the judicial sale provisions of the mortgage deed; both actions rely on allegations that Citi lacks a "proof of claim" that would allegedly demonstrate its legal authority to foreclose the mortgage; and both actions allege that Citi is not the current holder in due course of the mortgage deed, with power/authority to enforce it. <u>Compare</u> Adversary Complaint (document no. 4-3) <u>with</u> Motion to Order a Temporary Restraining Order (document no. 1-1).

8

**Conclusion**

In light of the foregoing, and for the reasons set forth in defendant's memorandum (document no. 4-1), the claim advanced by Mr. and Mrs. Merrick against Citi in this proceeding is barred by the doctrine of res judicata. CitiMortgage's motion to dismiss (document no. 4) is, therefore, granted. The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 5, 2013

cc: John Merrick, pro se
    Joanne Merrick, pro se
    John A. Houlihan, Esq.
    Alexander G. Henlin, Esq.